FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAR 0 8 2007

DAVID J. MALAND, CLERK
BY
DEPUTY _____

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| NICOLAS HERNANDEZ | § | |
| VS. | § | CIVIL ACTION NO. 4:03cv17 |
| COLLIN COUNTY DETENTION CENTER, ET AL. | § | |

## MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Nicolas Hernandez, an inmate formerly confined at the Collin County Detention Center, proceeding *pro se*, brought this civil rights suit pursuant to 42 U.S.C. § 1983 against the Collin County Detention Center and medical staff of Collin County.

The court referred this matter to the Honorable Don D. Bush, United States Magistrate Judge, at Sherman, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the Defendant's motion to dismiss be granted. The Magistrate Judge further recommends that Plaintiff's complaint be dismissed as frivolous and for failure to state a claim upon which relief may be granted. Finally, the Magistrate Judge recommends that the exercise of supplemental jurisdiction should be declined.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the

1

objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes Plaintiff's objections are without merit.

Plaintiff objects that he named officers Eastham and Yang as defendants, but they were allowed to claim official immunity and dismissed. Plaintiff, however, is mistaken concerning the proceedings in this action. Officers Eastham and Yang were first named as defendants in an amended complaint filed October 31, 2005. However, Plaintiff's attempt to add Officers Eastham and Yang as defendants in this action is untimely and barred by Federal Rule of Civil Procedure 15.

FED. R. CIV. P. 15(a) provides in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

As the defendants have filed a responsive pleading and plaintiff does not have written consent of the adverse party, plaintiff must have leave of court to amend his complaint. The events which form the basis of plaintiff's complaint against defendants Eastham and Yang occurred during the month of December, 2002. Plaintiff's amended complaint was filed October 31, 2005.

There is no federal statute of limitations for 42 U.S.C. 1983 actions; the relevant statute of the forum state furnishes the limitations period, but federal law determines the date the accrual

commences.  *Owens v. Okure*, 488 U.S. 235 (1989).  The statute of limitations in Texas for section 1983 actions is two years.  *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990); *Burrell v. Newsome*, 883 F.2d 416, 419 (5th Cir. 1989).  An action begins to accrue when the plaintiff knows or has reason to know of the injury which is the basis of the action.  *Burrell*, 883 F.2d at 418.

In this case, plaintiff knew of the alleged violations by Eastham and Yang on the dates of the incidents.  Plaintiff named and listed the alleged actions of Eastham and Yang in his original complaint filed January 23, 2003, but did not name them as defendants.  Thus, the statute of limitations on such claims began to accrue no later than December 24, 2002 and expired on December 24, 2004.

Before determining whether the statute of limitations would bar any claim by plaintiff against Eastham and Yang, the court must consider whether FED. R. CIV. P. 15(c) applies to cause Plaintiff's claim against such defendants to "relate back" to when he filed his original complaint.

Rule 15(c) provides as follows:

An amendment of a pleading relates back to the date of the original pleading when

(1)   relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2)   the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3)   the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by

Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

FED. R. CIV. P. 4(m) provides as follows:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff show good cause for the failure, the court shall extend the time for service for an appropriate period.

Thus, in order for Plaintiff's claims against Eastham and Yang to relate back to the date he filed his original complaint: (a) the claims asserted must have arisen out of the same conduct set forth in the original pleading and (b) the defendant must have, within 120 days after plaintiff filed his complaint, received: (1) notice of the action such that he would not be prejudiced in maintaining a defense on the merits and (2) knew or should have known that the action would have been brought against him, but for a mistake concerning the identity of the proper party.

Here, Plaintiff fails to assert that either Eastham or Yang received notice of the lawsuit with the time prescribed by Rule 4. Accordingly, Plaintiff's motion to amend the complaint fails as to the notice requirement of Rule 15(c). Thus, Plaintiff's motion to amend the complaint to name as defendants Officers Eastham and Yang is denied.

O R D E R

Accordingly, Plaintiff's objections are **OVERRULED**.   The
findings of fact and conclusions of law of the Magistrate Judge are
correct and the report of the Magistrate Judge is **ADOPTED**.  A final
judgment will be entered in this case in accordance with the
Magistrate Judge's recommendations.

SIGNED this _____ 7ᵗʰ _____ day of ___ March _____, 2007.

RICHARD A. SCHELL
UNITED  STATES  DISTRICT  JUDGE